IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
SMALL CLAIMS DIVISION

| | |
|---|---|
| **Franklin McIntosh**, *Plaintiff*, v. **Alltran Financial, LP and LVNV Funding, LLC,** *Defendants*. | Case No.: Ad Damnum: **$3,000 + Fees and Costs** **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Franklin McIntosh** ("**Mr. McIntosh**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, **Alltran Financial LP** ("**Alltran**"), and **LVNV Funding, LLC** ("**LVNV**") (jointly, "**the Defendants**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. McIntosh against the Defendants for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**") and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("**FCCPA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d), the FCCPA, § 559.77(1) Florida Statutes, and Section 34.01, Florida Statutes.

3. The Defendants are subject to the provisions of the FDCPA an FCCPA and are subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4. Venue is proper in Pasco County, Florida, because the acts complained of were committed and / or caused by the Defendants within Pasco County.

## PARTIES

### Mr. McIntosh

5. **Mr. McIntosh** is a natural person residing in Wesley Chapel, Pasco County, Florida.

6. Mr. McIntosh is a *Consumer* as defined by the FDCPA, 15 U.S.C. §1692a(3), and the FCCPA, Section 559.55(8), Florida Statutes.

### Alltran

7. **Alltran** is a Texas limited partnership with a primary business address of **5800 North Course Dr., Houston, TX 77072.**

8. Alltran's Florida Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

### LVNV

9. **LVNV** is a Delaware corporation with a primary business address of **3091 Governors Lake Dr., Suite 500, Peachtree Corners, GA 30071**.

10. LVNV's Florida Registered Agent is **Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.**

### DEFENDANTS ARE DEBT COLLECTORS

11. The Defendants are *Debt Collectors* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that they use instrumentalities of commerce, including postal mail, telephone, the internet, and/or e-mail, interstate and within the State of Florida, for their businesses, the principal purposes of which are the collection of debts,

and/or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Alltran is licensed as a *Consumer Collection Agency* ("**CCA**") by the Florida Office of Financial Regulation, holding license number **CCA901116. SEE PLAINTIFF'S EXHIBIT A.**

13. LVNV is also licensed as a CCA, holding license number **CCA9902540. SEE PLAINTIFF'S EXHIBIT B.**

14. As licensed CCAs, the Defendants know or should know their obligations under the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

15. Around July 2018, Mr. McIntosh allegedly became delinquent on a Bealls Florida consumer charge card in the amount of $593.58 (the "**Debt**") for charges relating to the purchase of retail consumer goods for personal use.

16. The Debt arose from purchases for personal goods and therefore meets the definitions of *Debt* under the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Section 559.55(6), Florida Statutes.

17. Sometime after July 2018, Comenity Bank sold or otherwise assigned the Debt to LVNV, or to some other unknown successor-in-interest who then re-sold the Debt to LVNV.

18. Sometime within the last 12 months but prior to December 8, 2020, LVNV placed or assigned the Debt for collection with Alltran.

19. When assigning the Debt to Alltran for collection, LVNV communicated information to Alltran, including the amount of the Debt, the original creditor, the date of delinquency, the nature of the Debt, the original account number, the date of last payment, and Mr. McIntosh's personal contact information.

20. Mr. McIntosh never consented to the disclosure of information about the Debt to Alltran – an unrelated third party.

21. Alltran are not attorneys for LVNV, nor has the Debt been reduced to judgment at any point, nor is Alltran a consumer reporting agency.

22. Thus, LVNV disclosed information about Mr. McIntosh, his status as a debtor, and other information in violation of 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 19-14434 (11th Cir. Apr. 21, 2021).

23. Upon receiving placement of the Debt from LVNV, Alltran sent several collection letters to Mr. McIntosh, including one dated December 8, 2020. **SEE PLAINTIFF'S EXHIBIT C.**

24. Rather than prepare and mail a collection letter on its own, Alltran sent information to a commercial mail house called CompuMail, located in Concord, California.

25. Alltran disclosed highly personal information regarding Mr. McIntosh to CompuMail, including: (a) Mr. McIntosh's status as a debtor; (b) the fact that Mr. McIntosh supposedly owed $593.58 to Comenity Bank; (c) the fact that the Debt concerned a Bealls of Florida charge card; and (d) the original credit card number relating to the debt.

26. CompuMail then populated some or all of this information into a pre-written template, printed, and mailed the letter from California to Mr. McIntosh's residence in Florida. ***Id.***

27. The term *Communication* is defined in the FDCPA, 15 U.S.C. §1692a(3), as "the conveying of information regarding a debt directly or indirectly to any person through any medium," which includes sending an electronic file containing information about Mr. McIntosh's purported debt to a mail house.

28. Alltran's communication to CompuMail involved disclosure of the Debt to a third-party with instructions to produce a collection letter and mail it to Mr. McIntosh, the consumer, with the objective that the correspondence would motivate the consumer to pay some or all of the alleged Debt.

29. Alltran's communication to CompuMail was thus "in connection with the collection" of the Debt.

30. CompuMail is a distinct entity not owned by Alltran.

31. CompuMail is not a consumer reporting agency as referenced in 15 U.S.C. § 1692c(b).

32. CompuMail is not an attorney as referenced in 15 U.S.C. § 1692c(b).

33. Mr. McIntosh never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with CompuMail, nor any mail house.

34. 15 U.S.C. § 1692c(b) states:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

35. The mail house used by Alltran as part of its debt collection effort against Mr. McIntosh does not fall within any of the categories listed within 15 U.S.C. § 1692c(b).

36. Due to Alltran's communication to CompuMail, information about Mr. McIntosh, including his name, balance supposedly owed, purchase and payment dates, and the amount he supposedly owes as a result, are all within possession of a third party not expressly listed within 15 U.S.C. § 1692c(b).

37. If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

38. Communications from debt collectors to mail houses are not exempt from the provisions of 1692c(b) and are "in connection with" the collection of a debt. *See generally, Hunstein,* No. 19-14434.

39. Alltran devised this strategy of communicating to a third-party mail house so that it could churn out more collection letters than if it kept all of the work "in house."

40. This mail house strategy allowed Alltran to generate more profit and gain an advantage over competitors.

41. In reckless pursuit of these business advantages, Alltran disregarded the known, negative effects that disclosing sensitive medical information to an unauthorized third party would have on a consumer.

42. The Defendants' unauthorized and prohibited communications caused Mr. McIntosh, a consumer who highly values his privacy, significant emotional distress since his confidential, legally protected medical and personal information had been unlawfully disseminated to third parties.

43. Mr. McIntosh has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

**Remainder of Page Intentionally Left Blank**

## COUNT I
## ALLTRAN'S VIOLATIONS OF THE FDCPA

44. Mr. McIntosh adopts and incorporates paragraphs 1 – 43 as if fully stated herein.

45. Alltran violated **15 U.S.C. § 1692c(b)** when it disclosed information about Mr. McIntosh's purported Comenity Bank debt to an unauthorized third-party mail house, CompuMail, in connection with the collection of the Debt.

46. Alltran violated **15 U.S.C. § 1692f** by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive payment, transaction, and personal information about Mr. McIntosh to third parties not expressly authorized under the FDCPA.

47. Alltran intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

48. Alltran's conduct renders it liable for the above-stated violations of the FDCPA, and Mr. McIntosh is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Mr. McIntosh respectfully requests this Honorable Court enter judgment against Alltran for:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. §1692k(a)(2)(A);

b. Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## LVNV'S VIOLATIONS OF THE FDCPA

49. Mr. McIntosh adopts and incorporates paragraphs 1 – 43 as if fully stated herein.

50. LVNV violated **15 U.S.C. § 1692c(b)** in that it communicated information about the Debt to Alltran, a third party, without Mr. McIntosh's consent or other permissible purpose, and Alltran was not an attorney for the creditor, the creditor, an attorney for LVNV, or a consumer reporting agency.

**WHEREFORE,** Mr. McIntosh respectfully requests this Honorable Court enter judgment LVNV, for:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. §1692k(a)(2)(A);

b. Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT III
## JOINT & SEVERAL VIOLATIONS OF THE FCCPA

51. Ms. McIntosh adopts and incorporates paragraphs 1 – 43 as if fully stated herein.

52. Alltran, as agent for LVNV, violated **Section 559.72(5), Florida Statutes**, when it disclosed to CompuMail, a third party, information that would affect Mr. McIntosh's reputation, specifically details about his personal finances and purported unpaid bills. Alltran was aware that there was no legitimate business *need* to convey this information, since Alltran could easily have prepared and mailed the letter itself without any need to disclose the information to a third party.

53. Instead, Alltran *intentionally decided* to disclose this information to CompuMail as part of its debt collection effort against Mr. McIntosh because it allowed Alltran to gain a competitive advantage over the competition through increased profit margins.

54. Alltran was acting on behalf of LVNV and within the scope of its authority.

55. LVNV, as principal, is liable for the actions of Alltran, its agent.

56. The Defendants' conduct renders them liable for the above-stated violations of the FCCPA, and Mr. McIntosh is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Mr. McIntosh respectfully requests this Honorable Court enter judgment against Alltran and LVNV, jointly and severally, for:

a. Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

c. Injunctive relief preventing the Defendants from making any further communications to the unauthorized third party when attempting to collect a consumer debt.

d. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and,

e. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. McIntosh hereby demands a jury trial on all issues so triable.

Respectfully submitted on April 26, 2021, by:

SERAPH LEGAL, P.A.

*/s/ Bryan J. Geiger*
Bryan J. Geiger, Esq.
FL Bar #: 119168
BGeiger@SeraphLegal.com
1614 N. 19th St.
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A	Alltran's Florida CCA License Record
B	LVNV's Florida CCA License Record
C	Alltran's Collection Letter to Plaintiff, Dated June 27, 2020

# EXHIBIT A
## Alltran's Florida CCA License Record

REALSYSTEM
Regulatory Enforcement and Licensing

Florida Office of Financial Regulation

Logon

**License Details**

Press "Previous Record" to display the previous license.
Press "Next Record" to display the next license.
Press "Search Results" to return to the Search Results list.
Press "New Search Criteria" to do another search of this type.
Press "New Search" to start a new search.

| License Number: CCA0901116 | Current Date: 04/26/2021 04:11 PM |
|---|---|
| Name: | ALLTRAN FINANCIAL, LP |
| License Type: | Consumer Collection Agency |
| License Status: | Current Active Registration |
| License Status Effective Date: | 10/28/2020 |
| Expiration Date: | 12/31/2021 |
| Original Date of Licensure: | 04/19/1994 |

**Addresses**

| | | |
|---|---|---|
| Business Main Address | Address | 5800 NORTH COURSE DRIVE<br>HOUSTON , TX<br>HARRIS<br>77072<br>US<br>View on a map |
| | Phone Number: | (713) 977-1234 |
| Mailing Address | Address | 3850 N. CAUSEWAY BLVD<br>SUITE 200<br>METAIRIE , LA<br>JEFFERSON<br>70002<br>US<br>View on a map |

Previous Record | Next Record | Search Results | New Search Criteria | New Search | Print

© 2018. MicroPact Version:2.11.6.62 (flofr 233)



# EXHIBIT B
## LVNV's Florida CCA License Record

**REALSYSTEM**
Regulatory Enforcement and Licensing

Florida Office of Financial Regulation

Logon

**License Details**

Press "Search Results" to return to the Search Results list.
Press "New Search Criteria" to do another search of this type.
Press "New Search" to start a new search.

| License Number: CCA9902540 | | *Current Date: 04/26/2021 04:10 PM* |
|---|---|---|
| Name: | LVNV FUNDING LLC | |
| License Type: | Consumer Collection Agency | |
| License Status: | Current Active Registration | |
| License Status Effective Date: | 10/22/2020 | |
| Expiration Date: | 12/31/2021 | |
| Original Date of Licensure: | 10/28/2011 | |

**Addresses**

| | | |
|---|---|---|
| Business Main Address | Address | 6801 S. CIMARRON ROAD<br>SUITE 424-J<br>LAS VEGAS , NV<br>CLARK<br>89113<br>US<br>View on a map |
| | Phone Number: | (702) 692-4012 |
| Mailing Address | Address | 55 BEATTIE PLACE<br>SUITE 110<br>LAS VEGAS , NV<br>CLARK<br>89119<br>US<br>View on a map |



# EXHIBIT C

## Alltran's Collection Letter to Plaintiff, Dated June 27, 2020

**Alltran Financial, LP**

Original Creditor: Comenity Bank
Original Account Number: XXXXXXXXXXXXXX6140
Current Creditor: LVNV Funding LLC
Merchant: BEALLS FLORIDA
Alltran ID [redacted]
Account Balance: $593.58
Partial Account Number for Your Security

RETURN MAIL ONLY
PO BOX 4043
CONCORD CA 94524-4043

December 8, 2020

ADDRESS SERVICE REQUESTED

Franklin L. McIntosh [redacted]

Please send correspondence to:
Alltran Financial, LP
PO BOX 722929
HOUSTON TX 77272-2929

Please detach at perforation and return with your payment.

**Save Money by Taking Advantage of This Offer**

Your creditor, LVNV Funding LLC, has agreed to accept $415.56 in 6 equal payments of $69.26 to resolve your account in full at a reduced amount. Your first payment must be received in our office within 15 calendar days of the date of this letter. Consecutive payments are to be made at a minimum of once every 30 days until the settlement amount is paid. Please make your payments payable to LVNV Funding LLC.

This offer is only valid if the payment schedule is met. If the payment schedule is not met, we are not obligated to renew this offer. If you need additional time to consider this offer, or cannot timely make these payments, please call MRS W WHITE on our toll-free number 800-676-5139 to discuss.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Sincerely,

MRS W WHITE
800-676-5139

Correspondence Address:
Alltran Financial, LP
P.O. Box 722929
HOUSTON TX 77272-2929

**Looking for a secure and more convenient way to pay your account?** Make payments with your Debit Card using your mobile phone or other electronic device at www.alltranfinancialpay.com to take advantage of this simple and free service available 24 hours a day.

Original Creditor: Comenity Bank
Original Account Number: XXXXXXXXXXXXXX6140
Current Creditor: LVNV Funding LLC
Alltran ID: [redacted]
Account Balance: $593.58





**Service of Process Transmittal**
05/03/2021
CT Log Number 539484167

| | |
|---|---|
| **TO:** | Erik Podbutzky<br>Transworld Systems Inc.<br>500 Virginia Dr Ste 514<br>Fort Washington, PA 19034-2707 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | Alltran Financial, LP  (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FRANKLIN MCINTOSH, PLTF. vs. ALLTRAN FINANCIAL, LP AND LVNV FUNDING, LLC, DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021SC002307SCAXES |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/03/2021 at 14:23 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/03/2021, Expected Purge Date: 05/08/2021<br><br>Image SOP<br><br>Email Notification,  Erik Podbutzky  lawsuits@tsico.com<br><br>Email Notification,  Mosley Allen  mosley.allen@alltran.com<br><br>Email Notification,  Richard Drezek  legal.review@tsico.com<br><br>Email Notification,  James Schultz  jschultz@sessions-law.biz<br><br>Email Notification,  Lori Schmitt  lschmitt@sessions.legal<br><br>Email Notification,  Diana Orellana  dorellana@sessions.legal<br><br>Email Notification,  Donielle Lambert  dlambert@sessions.legal<br><br>Email Notification,  Marie Carter  marie.carter@ursi.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>866-401-8252 |



**Service of Process Transmittal**
05/03/2021
CT Log Number 539484167

**TO:** Erik Podbutzky
Transworld Systems Inc.
500 Virginia Dr Ste 514
Fort Washington, PA 19034-2707

**RE:** **Process Served in Florida**

**FOR:** Alltran Financial, LP  (Domestic State: TX)

EastTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / RC



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Mon, May 3, 2021 |
| **Server Name:** | Carlos Pardo |

| Entity Served | ALLTRAN FINANCIAL, LP |
|---|---|
| Agent Name | B13000000323 |
| Case Number | 2021SC002307SCAXES |
| Jurisdiction | FL |



IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
SMALL CLAIMS DIVISION

**FRANKLIN MCINTOSH,**

    *Plaintiff,*

    v.                                                          Case No.: 2021SC002307SCAXES

**ALLTRAN FINANCIAL, LP** *and*
**LVNV FUNDING, LLC,**

    *Defendants.*
_____/

### SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA — NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)....

    **ALLTRAN FINANCIAL, LP**
    c/o CT Corporation System
    1200 S. Pine Island Rd.
    Plantation, FL 33324

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the __SEE ATTACHED__ in Courtroom # __ZOOM__ located at __SEE ATTACHED__ on __08/25/2021__, at __1:30 PM__, for a PRETRIAL CONFERENCE before a judge of this court.

**IMPORTANT — READ CAREFULLY**
**THE CASE WILL NOT BE TRIED AT THAT TIME.**
**DO NOT BRING WITNESSES — APPEAR IN PERSON OR BY ATTORNEY**

    The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

    Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

      The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

      Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

      If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

      **RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

      If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

**DATED** at _____, Florida, on  April 28, 2021 _____.



Nikki Alvarez-Sowles
Pasco County Clerk & Comptroller
2021SC002307SCAXES 04-28-2021 03:22 PM
Deputy Clerk: Ashley Marie Hill

## Pre-trial Requirement to Appear through Zoom
## Judge Compton

Your case has been set for a hearing through Zoom as indicated in the paperwork you have received. In order to process each case effectively, we are asking that you have an email address prepared for use in case a signature is required.

No account is necessary on ZOOM. The parties may participate by going to *http://www.Zoom.us/* and click the link to "Join a Meeting" at the scheduled date/time referenced on summons or notice of hearing using the Meeting ID and Password listed below. If a participant does not have a computer, tablet, iPad or smartphone with audio visual capabilities, the participant may appear telephonically for the Zoom hearing by calling:

+1 786 635 1003 US (Miami), +1 646 558 8656 US (New York), +1 651 372 8299 US (St. Paul), +1 267 831 0333 US (Philadelphia), +1 301 715 8592 US (Germantown), +1 312 626 6799 US (Chicago), +1 470 250 9358 US (Atlanta), +1 470 381 2552 US (Atlanta), +1 646 518 9805 US (New York), +1 720 928 9299 US (Denver), +1 971 247 1195 US (Portland), +1 213 338 8477 US (Los Angeles), +1 253 215 8782 US (Tacoma), +1 346 248 7799 US (Houston), +1 602 753 0140 US (Phoenix), +1 669 219 2599 US (San Jose), +1 669 900 9128 US (San Jose)

**Meeting ID:** 914 7521 5996
**Passcode:** 656946

The Court has multiple hearings scheduled at this time. Join the ZOOM meeting promptly at the designated time and wait to be admitted into the hearing. Please be patient. The judge will call your case when your hearing is ready to proceed. Proper decorum should be maintained. Appropriate attire is required of all participants. Participants should be in a quiet setting and minimize any external distractions during the court hearing.

**Prior to the court hearing** please access the Court's website at: *http://www.jud6.org*. Click on "COVID-19 Information & Updates" and then click on, "Remote Proceedings" to learn about using Zoom for Court Hearings."

**YOU MUST NOT report to the courthouse for this hearing.** You will NOT be allowed entry into the courtroom.